United States District Court
Southern District of Texas

**ENTERED**

May 22, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM ANIBER** | § | |
| **YACER OSORIO**, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-461** |
| | § | |
| **MARKWAYNE MULLIN**, in his | § | |
| official capacity, *et al.*, | § | |
| Respondents. | § | |

## <u>ORDER</u>

Before the Court is Petitioner William Aniber Yacer Osorio's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("§ 2241 Petition"); Osorio lists various Respondents (collectively, the "Government").  Dkt. No. 1.  Osorio, a citizen of Cuba, claims that his detention violates the Fifth Amendment's Due Process Clause.  Dkt. No. 1 at 2, 11–18.[1]

On February 25, 2026, the Court issued its decision in *Alvarez-Rico v. Noem et al.*, No. 4:26-cv-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026) (J. Ellison), which held that the Government's "re-detention of [the petitioner] without a pre-detention showing (or even allegation) of a change in his circumstances violated [the petitioner's] procedural due process rights." *Alvarez v. Noem et al.*, No. 4:26-cv-00729, 2026 WL 5222322, at \*6 (S.D. Tex. Feb. 25, 2026) (J. Ellison).  In light of the Court's *Alvarez-Rico* decision, it does not plainly appear from Osorio's § 2241 Petition that he is not entitled to the requested

---

[1] The Court notes that Osorio currently has a pending appeal before the Board of Immigration Appeals regarding his final order of removal issued by the immigration judge on February 19, 2026. *See* Dkt. No. 1; *see also* EOIR Automated Case Information, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en/ (search "A-Number" field as "220337538" and "Nationality" field as "Cuba").  Depending on the outcome of his pending appeal, the Court hereby informs Osorio that his claim that his detention violates the Fifth Amendment Due Process Clause is valid as to his detention pending a final order of removal.

relief.    Osorio's allegations, taken together, suffice to raise genuine questions as to whether his continued detention violates federal law and the United States Constitution. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted."  28 U.S.C. § 2243.  "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days.  *Id.*

The Government is **ORDERED** to file a response to Osorio's § 2241 Petition on or before **June 5, 2026**.  If Osorio wishes to file a reply to the Government's response, he must do so within **7 days** of receiving the Government's response.  Osorio and the Government are **DIRECTED** to inform the Court as to who is the warden of Port Isabel Service Processing Center.

**SO ORDERED**.

**SIGNED** on this **22nd** day of **May, 2026**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**